LESLIE F. LEVY, ESQ., State Bar No. 104634
JEAN K. HYAMS, ESQ., State Bar No. 144425
DARCI E. BURRELL, ESQ., State Bar No. 180467
BOXER & GERSON, LLP
300 Frank H. Ogawa Plaza, Suite 500
Oakland, California 94612
Telephone: (510) 835-8870
Facsimile: (510) 835-0415
E-mail: courtmail@boxerlaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

E. Doe,

        Plaintiff,

vs.

Richard Greenfield, Greenfield & Goodman, LLC and DOES 1 through 10, inclusive,

        Defendants.

Case No.: **C07-04823**

**COMPLAINT FOR DAMAGES**

**(DEMAND FOR JURY TRIAL)**

Plaintiff E. Doe complains and alleges as follows:

### I. NATURE OF THE CASE

1.     Plaintiff seeks damages resulting from Defendant Greenfield's breach of his professional responsibilities to her as a client. Plaintiff alleges that Greenfield abused his position of trust to sexually harass her and to pressure and physically coerce her to have sex with him.

### II. JURISDICTION

2.     This Court has jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. § 1332. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy between Plaintiff and Defendants.

### III. VENUE

3.     Venue is proper in this District under 28 U.S.C. § 1391(b) because all or a substantial part of the events or omissions giving rise to the claims occurred in the County of Marin .

### IV. PARTIES

4.     Plaintiff E. Doe,  is, and at all time relevant was, a citizen of California, residing in Marin County, California.

5.     Defendant Richard D.  Greenfield is an attorney licensed to practice law in Maryland, New York and  Pennsylvania, and resides primarily in Palm Beach, Florida.

6.     Defendant Greenfield and Goodman, LLC (hereinafter "the Firm") is the law firm in which Defendant Greenfield is a principal and under whose auspices Defendant Greenfield undertook representation of Plaintiff and her daughters.

7.     In addition to the defendant named above, Plaintiff sues fictitiously Defendants DOES 1 through 10, inclusive because their names, capacities, status, or facts showing them to be liable are not presently known.  Plaintiff will amend this complaint to show their true names and capacities, together with appropriate charging language, when such information has been ascertained.  Plaintiff is informed and believes, and thereon alleges that each of the Defendants was at all times relevant here the agent and representative of the other Defendants and was acting, at least in part, within the course and scope of such relationship.

### VII. FACTUAL ALLEGATIONS

8.     In 2003 and 2004, Plaintiff was searching for an attorney to represent herself and her two children in a suit against two major financial institutions for recovery of damages resulting from the gross mishandling of family trust monies.  Such mishandling had a direct impact on funds held in trust and the monies available to Plaintiff, a single mother, and her two daughters.  As there are few attorneys who are knowledgeable in this area and who did not have a conflict in pursuing a case against these corporations, Plaintiff had difficulty finding representation, a fact of which Defendant Greenfield was fully aware.

9.    In late 2003 and early 2004, Plaintiff began emailing Defendant Greenfield discussing her case and her search for representation on behalf of herself and her daughters..

10.    Greenfield holds himself out as having "national and international recognition for his achievements and, in particular, for his wide ranging litigation involving the operations of banks." In February 2004, Plaintiff sent an email to Defendant explaining her vulnerability as a single mother and the financial despair caused by the actions of the bank and its parent corporation. Defendant agreed to represent her in the litigation along with co-counsel.

11.    Shortly after Plaintiff became a plaintiff in the litigation against the financial institutions, Greenfield came to California. At his request, Plaintiff arranged for a hotel room for him to stay in. During his stay there, Defendant took advantage of his knowledge of Plaintiff's personal circumstances and her dependence on him as counsel in the litigation to pressure her to engage in sexual contact with him. Between March of 2004 and April of 2006, Defendant repeatedly pressured Plaintiff, and on occasion physically forced Plaintiff, to have sexual contact with him. At all times, the possibility that he would withdraw as attorney for Plaintiff was either an implicit or explicit threat used to coerce the sexual contact. On many of his visits to California, Plaintiff would attempt to avoid him or only have contact with him in public places. He was insistent and repeatedly demanded that he either visit her at her home or her at his hotel. All contact and visits by Greenfield were in connection with his representation of Plaintiff and her family in the litigation against the financial institution. Plaintiff was compelled to comply from fear of losing the representation necessary to get her family's fiduciary funds returned.

12.    On several occasions, the sexual contact was physically forced. Specifically in the fall of 2004 in Plaintiff's home, March 2005 in Clayton, Missouri, and August 2005 and April 2006 in Plaintiff's home. Plaintiff attempted to physically stop Greenfield's sexual contact with her, but he used physical force to overcome her resistance.

13.    There were numerous other occasions in which Defendant Greenfield inappropriately touched Plaintiff and verbally attempted to pressure Plaintiff into having sex with him. The last incident of inappropriate touching occurred in January 2007.

14.    Plaintiff is informed and believes that Defendant Greenfield has attempted to have sexual relationships with at least one other female client and one potential female client.

15.    Defendant has admitted having sexual contact with Plaintiff while she was a client.

16.    The suit against the financial institutions on behalf of Plaintiff and her daughters is currently pending. Plaintiff has terminated Defendant's services with regard to the suit.

17.    Defendant has taken oaths to abide by the rules of professional conduct in New York, Pennsylvania, and Maryland.  Sexual contact between an attorney and a client is circumscribed to varying degrees by the State Bars to which Defendant is a member.  In New York, attorneys cannot have sexual relations with a client if it is a condition of representation of if they employ coercion, intimidation, undue influence to gain such contact. See New York Lawyers Code of Professional Responsibility DR5-111 § 1200.29-a.

18.    In Pennsylvania, the State prohibits sexual relations, whether consensual or not, and regardless of an absence of prejudice, as it is deemed a breach of fiduciary duty.  See Pennsylvania Rule of Professional Conduct Rule 1.7.

19.    In Missouri, where Defendant was admitted Pro Hac Vice to represent Plaintiff, a sexual relationship between an attorney and client, even if consensual, is banned.  See Missouri Rules of Professional Conduct 4-1.8(j).

20.    On all occasions Defendant engaged in sexual contact with Plaintiff fully aware that she was dependent on him to continue litigating on her and her children's behalf.

21.    Defendant Greenfield knew or should have known that his actions were unprofessional and illegal.

22.    As a result of the above violations of Plaintiff's rights, Plaintiff has suffered damages including but not limited to, psychological harm, emotional distress, medical expenses, legal expenses and other economic damages.

///

///

///

## VIII.  FIRST CAUSE OF ACTION
### (California Civil Code §51.9)

23.     Plaintiff realleges and incorporates herein by reference every allegation stated above.

24.     There was a business, service, or professional relationship between Plaintiff and Defendants in that the Defendants had an attorney-client relationship with Plaintiff.

25.     Defendant Greenfield made sexual advances, solicitations and sexual requests to Plaintiff, that were unwelcome and persistent and severe.

26.     Plaintiff was unable  to easily terminate the relationship between herself and Defendants without tangible hardship.

27.     Plaintiff has suffered  disadvantage and personal injury as a result of Defendant Greenfield's conduct for which both he individually and the Firm are liable.

28.     As a result of Defendants' conduct, Plaintiff has suffered and continues to suffer damages as alleged herein in an amount according to proof.

29.     In addition to compensatory damages, Plaintiff is entitled to statutory damages and attorney's fees under Civil Code §52.

30.     Defendant Greenfield  did the acts alleged herein maliciously, fraudulently, and oppressively, and/or with the wrongful intention of injuring Plaintiff, and/or with an improper and evil motive amounting to malice.  Plaintiff is thus entitled to recover punitive damages from Defendant Greenfield in an amount according to proof.

Wherefore, Plaintiff requests relief as set forth below.

## IX.  SECOND CAUSE OF ACTION
### Sexual Assault and Battery
### Civil Code §1708.5
### (Against Defendant Greenfield only)

31.     Plaintiff realleges and incorporates herein by reference every allegation stated above.

32.     Defendant Greenfield intentionally touched intimate parts of Plaintiff,  resulting in sexually offensive contacts.

///

///

33.     The acts by Defendant Greenfield, as alleged herein, were intentional and caused Plaintiff to suffer anguish and serious physical and emotional distress. Defendant Greenfield's conduct was in wanton and reckless disregard of the consequences to Plaintiff.

34.     As a result of said Defendant's intentional acts, Plaintiff has suffered as alleged herein and is entitled to damages in an amount according to proof.

35.     Defendant Greenfield did the acts alleged herein maliciously, fraudulently, and oppressively, and/or with reckless and conscious disregard for the rights and safety of Plaintiff, and/or with an improper and evil motive amounting to malice. Plaintiff is thus entitled to recover punitive damages from said Defendant in an amount according to proof.

WHEREFORE, the Plaintiff requests relief as set forth below.

## X. THIRD CAUSE OF ACTION
### Breach of Fiduciary Duty

36.     Plaintiff realleges and incorporates herein by reference every allegation stated \ above.

37.     Defendants had a special relationship to their clients who entrusted them to perform their duties in a professional manner, not to take advantage of information learned in that relationship for personal gratification and to the harm of the client, not to use their position, implicitly or explicitly, to pressure clients into sexual contact with the attorney, and to abide by the rules of conduct governing the relationship of attorneys with their clients.

38.     By undertaking to represent and aid Plaintiff and her daughters, Defendants created a fiduciary relationship involving these duties of care.

39.     Defendant Greenfield breached his duty to Plaintiff as set forth above.

40.     Defendants Greenfield and Goodman, LLC are vicariously liable for the actions of Defendant Greenfield as the firm undertook the attorney client relationship from which it intended to gain financial benefit. Furthermore the Firm knew or should have known that Defendant Greenfield had engaged in inappropriate conduct with clients in other circumstances.

41.     As a result of Defendants' conduct, Plaintiff has suffered and continues to suffer damages in an amount according to proof.

42.    Defendants did the acts alleged herein maliciously, fraudulently, and oppressively, and/or with the wrongful intention of injuring Plaintiff, and/or with conscious disregard of the rights and safety of Plaintiff, and/or with an improper and evil motive amounting to malice.  Plaintiff is thus entitled to recover punitive damages, in addition to compensatory damages, from Defendants in an amount according to proof.

## XI.  FIFTH CAUSE OF ACTION
### Harassment

43.    Plaintiff realleges and incorporates herein by reference every allegation stated above.

44.    Defendant Greenfield  engaged in acts directed at Plaintiff which seriously alarmed, annoyed, and harassed Plaintiff and which served no legitimate purpose other than his own personal gratification.

45.    Defendant the Firm knew or should have known that Greenfield was engaging in such acts and failed to take any action to prevent his harassment of female clients or to protect them from such.

46.    Defendants' course of conduct would have caused any reasonable person to suffer substantial emotional distress.

47.    Plaintiff has suffered and continue to suffer substantial emotional distress because of Defendants' actions and omissions as set forth above.

48.    Defendants did the acts herein alleged maliciously, oppressively and with the wrongful intention of injuring Plaintiff or with a reckless disregard for the safety and rights of Plaintiff.  Plaintiff is thus entitled to recover punitive damages, in addition to compensatory damages, from Defendants in an amount according to proof.

## XII.  SIXTH  CAUSE OF ACTION
### Intentional Infliction of Emotional Distress
### Against Defendant Greenfield Only

49.    Plaintiff realleges and incorporates herein by reference every allegation stated above.

7

1    50.    The acts of Defendant Greenfield as alleged above were outrageous, intentional,

2    malicious, and calculated to cause Plaintiff to suffer anxiety, severe and serious emotional and

3    physical distress and suffering. Defendant's conduct was done with wanton and reckless disregard of

4    the consequences to Plaintiff and with full knowledge of the impropriety of his actions.

5    51.    As a result of Defendant's intentional infliction of emotional distress, Plaintiff has

6    suffered and continues to suffer damages in an amount according to proof.

7    52.    Defendant Greenfield did the acts alleged herein maliciously, fraudulently, and

8    oppressively, and/or with the wrongful intention of injuring Plaintiff, and/or with conscious disregard

9    of the rights and safety of Plaintiff and/or with an improper and evil motive amounting to malice.

10    Plaintiff is thus entitled to recover punitive damages, in addition to compensatory damages, from

11    Defendant Greenfield in an amount according to proof.

12    Wherefore, Plaintiff request reliefs as set forth below.

13    ## XII. SEVENTH CAUSE OF ACTION
**Negligent Infliction of Emotional Distress**

14    53.    Plaintiff realleges and incorporates herein by reference every allegation stated

15    above.

16    54.    Defendants knew, or should have known with the exercise of reasonable care,

17    that their acts and omissions would cause Plaintiff to suffer severe emotional distress. Defendants

18    owed Plaintiff a duty of care not to engage in such conduct. Defendants breached that duty of

19    care.

20    55.    As a result of Defendants' negligent infliction of emotional distress, Plaintiff has

21    suffered and continues to suffer damages as alleged herein and is entitled to relief in an amount

22    according to proof.

23    Wherefore, Plaintiff requests relief as set forth below.

24

25    ## XIII. EIGHTH CAUSE OF ACTION
**General Negligence**

26    56.    Plaintiff realleges and incorporates herein by reference every allegation stated above.

27    · 57.    Defendants had statutory, common law, and contractual duties to abide by the rules

28

1  of professional conduct and not to take advantage of the vulnerability of clients for their own

2  gratification.

3      58.    Defendants' actions and omissions set forth above breached those duties.

4      59.    As a result of the negligence of Defendants, Plaintiff has suffered and continues to

5  suffer damages as alleged herein and is entitled to relief in an amount according to proof.

6      Wherefore, Plaintiff requests relief as set forth below.

7                          **IX. NINTH CAUSE OF ACTION**
                    **Negligence Per Se: Evid. Code §669 and 42 U.S.C. §3601 et seq.**

8      60.    Plaintiff realleges and incorporates herein by reference every allegation stated above.

9      61.    California Evidence Code §669 provides that the failure of a person to exercise due \

10  care is presumed if:

11      a.    He or she violated a statute, regulation or ordinance;

12      b.    The violation proximately caused injury to a person;

13      c.    The injury resulted from an occurrence of the nature which the statute,

14  regulation or ordinance was designed to prevent; and

15      d.    The person suffering the injury was one of the class of persons for whose

16  protection the statute was adopted.

17      62.    Defendants violated Pennsylvania, Maryland, Missouri, New York and California

18  Rules of Professional Conduct prohibiting or circumscribing sexual contact between attorneys and clients.

19      63.    Defendants' violation of these rules caused injury to Plaintiff.

20      64.    The injury to Plaintiff resulted from an occurrence, namely coerced sexual contact, of

21  the nature which these regulations were designed to prevent.

22      65.    Plaintiff was of the class of persons for whose protection these rules and

23  regulations were adopted.

24      66.    As a result of the acts of Defendants, Plaintiff has suffered and continues to suffer

25  damages as set forth herein and is entitled to relief in an amount according to proof.

26  ///

27  ///

28

Wherefore, Plaintiff requests relief as set forth below.

## XI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against the Defendants as follows:

1.    Compensatory damages in all causes of action;

2.    Punitive Damages on all causes of action except the Seventh, Eighth and Ninth Causes of Action.

2.    Costs of suit;

3.    Attorney's fees pursuant to statute; and

4.    Other such relief as the Court deems just and proper.

Dated:  September 19, 2007                          Respectfully Submitted,

                                                    **BOXER & GERSON, LLP**

                                                    By: _____
                                                        JEAN K. HYAMS
                                                        Attorney for Plaintiff

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated:  September 19, 2007                          Respectfully Submitted,

                                                    **BOXER & GERSON, LLP**

                                                    By: _____
                                                        JEAN K. HYAMS
                                                        Attorney for Plaintiff