Kate Dyer SBN 171891
Craig H. Bessenger SBN 245787
CLARENCE & DYER LLP
899 Ellis Street
San Francisco, CA 94109
Telephone: (415) 749-1800
Facsimile: (415) 749-1694
E-mail: kdyer@clarencedyer.com
        cbessenger@clarencedyer.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E. DOE, | Case No. C 07-04823 (MEJ) |
| Plaintiff, | **ANSWER OF DEFENDANTS** |
| v. | |
| RICHARD D. GREENFIELD et al | |
| Defendants. | |

Defendants Richard D. Greenfield ("Richard") and Greenfield & Goodman, LLC ("G&G") answer the complaint filed by plaintiff E. Doe as follows:

## NATURE OF THE CASE

1.   Defendants admit that plaintiff is seeking damages. Defendants deny all other allegations set forth in this paragraph.

## JURISDICTION

2.   Admitted.

3.   Defendants admit that venue is proper in the Northern District of California. Defendants deny all other allegations set forth in this paragraph.

**PARTIES**

4. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny those allegations.

5. Admitted.

6. Defendants admit Richard is a principal in G&G. Defendants admit that Richard, who represented a client who joined plaintiff as an additional party in ongoing litigation which had been commenced by plaintiff ("Trust Litigation"), became co-counsel with plaintiff's own counsel and, as such, provided representation to plaintiff thereafter in the Trust Litigation and in a second related suit (collectively "Trust Cases"). During the pendency of the Trust Cases, plaintiff was represented by her personal counsel with whom she had entered into a formal written letter of representation; neither defendant was ever retained by plaintiff in connection with the Trust Cases or otherwise. Defendants deny all other allegations set forth in this paragraph.

7. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny those allegations.

**FACTUAL ALLEGATIONS**

8. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiff's actions as described in this paragraph and, on that basis, deny those allegations. Defendants deny Richard was aware of plaintiff's alleged difficulty finding representation as described in Paragraph 8. To the contrary, plaintiff, a duly admitted member of the California Bar since 1982, regularly had consulted with and was represented by a Marin County lawyer. Richard admits assisting plaintiff to locate additional counsel to represent her interests. As to all other allegations in this paragraph, defendants lack knowledge or information sufficient to form a belief as to their truth and, on that basis, deny those allegations.

9. Denied. To the contrary, in late 2003 and early 2004, plaintiff described her case, her own legal expertise and research, and also described her search for legal representation in addition to that being provided by her Marin County counsel.

10. Defendants admit that Richard publicly has acknowledged his substantial experience in litigation involving financial institutions and has held himself out as having recognition for "litigation involving the operation of banks." Defendants admit that plaintiff described to Richard a particular

bank's actions and those of its parent corporation.  Defendants admit plaintiff informed Richard that she was the mother of two grown daughters and that she and they were supported in their respective life styles by various trusts set up for their benefit.  Defendants deny all other allegations set forth in this paragraph.

11.     Defendants admit that, during a visit to California after plaintiff had commenced the Trust Litigation and prior to the time Richard became involved as additional counsel in such litigation, Richard requested that plaintiff make a reservation for him at a local hotel or to provide him with the name of one so that he could make a reservation.  Defendants deny all other allegations set forth in this paragraph.

12.     Denied.

13.     Denied.

14.     Defendants lack knowledge or information sufficient to form a belief as to what plaintiff believes, but deny the substance of this allegation.

15.     Denied.

16.     On information and belief, Defendants admit that one of the Trust cases to which Plaintiff is a party is still pending.  Defendants admit they withdrew their appearance on behalf of plaintiff herein in that action.  Defendants deny all other allegations in this paragraph.

17.     Defendants admit that Richard is duly licensed to practice law in New York, Pennsylvania and Maryland.  The statutes of the State of New York speak for themselves, and on that basis defendants deny all other allegations in this paragraph.

18.     The statutes of the Commonwealth of Pennsylvania speak for themselves, and on that basis, defendants deny all other allegations in this paragraph.

19.     Defendants admit that Richard was admitted *Pro Hac Vice* in a federal court in Missouri.  The statutes of the State of Missouri speak for themselves, and on that basis defendants deny all other allegations in this paragraph.

20.     Denied.

21.     Denied.

22.     Denied.

ANSWER OF DEFENDANTS
Case No. C 07-04823

3

### FIRST CAUSE OF ACTION

23. Defendants incorporate paragraphs 1-22 by reference as if fully set forth herein.
24. Denied.
25. Denied.
26. Denied.
27. Denied.
28. Denied.
29. Denied.
30. Denied.

### SECOND CAUSE OF ACTION

31. Defendants incorporate paragraphs 1-22 by reference as if fully set forth herein.
32. Denied.
33. Denied.
34. Denied.
35. Denied.

### THIRD CAUSE OF ACTION

36. Defendants incorporate paragraphs 1-22 by reference as if fully set forth herein.
37. Denied.
38. Denied.
39. Denied.
40. Denied.
41. Denied.
42. Denied.

### FIFTH CAUSE OF ACTION [*sic*]

43. Defendants incorporate paragraphs 1-22 by reference as if fully set forth herein.
44. Denied.
45. Denied.
46. Denied.

47. Denied.
48. Denied.

### SIXTH CAUSE OF ACTION

49. Defendants incorporate paragraphs 1-22 by reference as if fully set forth herein.
50. Denied.
51. Denied.
52. Denied.

### SEVENTH CAUSE OF ACTION

53. Defendants incorporate paragraphs 1-22 by reference as if fully set forth herein.
54. Denied.
55. Denied.

### EIGHTH CAUSE OF ACTION

56. Defendants incorporate paragraphs 1-22 by reference as if fully set forth herein.
57. Denied.
58. Denied.
59. Denied.

### NINTH CAUSE OF ACTION

60. Defendants incorporate paragraphs 1-22 by reference as if fully set forth herein.
61. The California Evidence Code speaks for itself, and on that basis defendants deny the allegations set forth in this paragraph.
62. Denied.
63. Denied.
64. Denied.
65. Denied.
66. Denied.

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense

The Complaint and each claim set forth therein fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's claims are barred by the doctrine of laches.

### Third Affirmative Defense

The claims of wrongdoing in the Complaint have been waived by plaintiff in whole or in part and are, to that extent, barred.

### Fourth Affirmative Defense

Plaintiff's claims are barred by her unclean hands.

### Fifth Affirmative Defense

Plaintiff has failed to mitigate her damages, if any.

### Sixth Affirmative Defense

Plaintiff's prayer for actual and statutory damages is barred because such alleged damages did not arise from any acts, representations, or omissions on the part of defendants.

### Seventh Affirmative Defense

Plaintiff is not entitled to recover any punitive or exemplary damages because defendants are not and were not guilty of oppression, fraud, malice, wrongful intent, or reckless disregard.

### Eighth Affirmative Defense

Plaintiff's claims are time-barred by the applicable statute of limitations, including, without limitation, those provided for in California Code of Civil Procedure sections 335.1 and/or 338.

### Ninth Affirmative Defense

Any injury that Plaintiff may have suffered is derived from the independent acts of herself and/or third parties for which Defendants are not responsible.

### Tenth Affirmative Defense

Plaintiff is barred or limited from claiming relief by the doctrine of equitable estoppel.

### Eleventh Affirmative Defense

Any award of punitive damages as sought by plaintiff would violate the due process and excessive fine clauses of the Fifth, Eighth and Fourteenth Amendments of the United States Constitution, as well as the Constitution of the State of California.

**PRAYER FOR RELIEF**

WHEREFORE, defendants pray for judgment as follows:

    (a)    That plaintiff take nothing by reason of the Complaint, that judgment be rendered in favor of the defendants;

    (b)    That the defendants be awarded their costs of suit incurred in this action; and

    (c)    For such other relief as the Court deems proper.

Dated: November 26, 2007                      CLARENCE & DYER LLP

                                          /s/: Kate Dyer
                              By:    Kate Dyer
                                    Attorneys for Defendants

**Proof of Service**

I, Abbie Chin, declare as follows:

I am over eighteen years of age and not a party to the within action; my business address is 899 Ellis Street, San Francisco, California 94109; I am employed in the County of San Francisco.

On November 26, 2007, I served a copy, with all exhibits, of the following documents:

- **Answer of Defendants**

_____ (BY FAX) By transmitting by facsimile machine to the number addressed as below; the facsimile machine I used complied with California Rules of Court, rule 2003 and no error was reported by the machine. Pursuant to California Rules of Court, rule 2006(d), I caused the machine to print a transmission record of the transmission.

\_\_\_X\_\_\_ (BY ELECTRONIC SERVICE) I caused an electronic delivery subject to 28 U.S.C ¶1746, Local Rules or General Orders of this Court regarding Electronic Case Filing.  All pleadings and papers must be electronically served in accordance with those Rules or General Orders with email address(es) as noted below:

Darci Elaine Burrell, email: courtmail@boxerlaw.com
Jean K. Hyams, email:  courtmail@boxerlaw.com
Leslie Fran Levy, email:  courtmail@boxerlaw.com
Boxer & Gerson
300 Frank H. Ogawa Plaza
Suite 500
Oakland, CA 94612

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct and that this declaration was executed on the above stated date.

/s/:  Abbie Chin
Abbie Chin

ANSWER OF DEFENDANTS
Case No. C 07-04823

8